UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALI MUGALLI HASSAN,<br>MUGALLI AHMED HASSAN, and<br>AHMED AHMED HASAN DHARAHAN<br><br>Defendants. | Case No. 18-cr-00219-PJH<br><br>**FINAL PRETRIAL ORDER**<br><br>Re: Dkt. Nos. 91, 99, 100 |

On December 16, 2021, this matter came on for pretrial conference. As stated on the record and summarized below, the court rules on the motions in limine and other disputed pretrial matters as follows:

I.  <u>MOTIONS IN LIMINE</u> ("MILs")

A.  United States' motion in limine no. 1

The government's first motion in limine seeks to admit summary charts under Federal Rule of Evidence 1006, which permits the use of summaries in place of voluminous writings, recordings, or photographs. Defendants stated at the pretrial conference that they do not oppose this motion, and thus, as stated at the pretrial conference, the motion is GRANTED.

B.  United States' motion in limine no. 2

The government's second motion in limine seeks to admit the post-arrest interview of Ali Mugalli Hassan. Defendant Dharahan opposes the motion, arguing that certain portions of the interview implicate him in criminal wrongdoing and should be excluded

under Bruton v. United States, 391 U.S. 123 (1968).  See Dkt. 104 at 2.

The government argues that the Bruton rule is limited to "facially incriminating confessions," and thus does not apply here.  See United States v. Mikhel, 889 F.3d 1003, 1044 (9th Cir. 2018).

As stated at the pretrial conference, the court concludes that the challenged portions of the interview are not "facially incriminating," and thus, this motion is GRANTED.

C.  United States' motion in limine no. 3

The government's third motion in limine seeks to admit statements made by defendants Ali Hassan and Mugalli Hassan to undercover agents.  The government argues that the statements are admissible either as an admission of a party-opponent under Federal Rule of Evidence 801(d)(2)(A) against the party making the statement, or as a co-conspirator statement against the other defendants under Federal Rule of Evidence 801(d)(2)(E).

As stated at the pretrial conference, to the extent that the statements are introduced against the party making the statement, they are admissible as party admissions.

As to the statements' admissibility as co-conspirator statements, as stated at the pretrial conference, the court directs the government to submit charts sufficient to make a preliminary showing of admissibility.

Specifically, under United States v. Larson, in order for a co-conspirator statement to be admissible, the prosecution must show by a preponderance of the evidence that: (1) the conspiracy existed when the statement was made; (2) the defendant had knowledge of, and participated in, the conspiracy; and (3) the statement was made "in furtherance" of the conspiracy.  460 F.3d 1200, 1212 (9th Cir. 2006).

In order to conduct the Larson analysis, the court will preview prior to trial a summary of the co-conspirator statements to be offered by the government.  Following this preview, the court will determine which statements the government will be permitted

2

to introduce, either through the testimony of a witness or by documentary evidence. Even though the ultimate finding as to admissibility will not be made until after the trial has commenced and perhaps as late as the close of the evidence, the witnesses will be permitted to testify about co-conspirator statements and documents containing such statements will be published to the jury, subject to striking should the government not be able to meet its burden as to all requirements for admissibility. In this sense, the government's introduction of the statements, which will have been previewed and approved by the court, will result in their conditional admission.

The court may at some point during trial, and prior to the close of the evidence, rule on whether the government has shown by a preponderance of the evidence two of the three prongs required for the admissibility of all of the proffered co-conspirator statements, including that (1) the conspiracy existed when the statement was made; and (2) that the defendant had knowledge of, and participated in, the conspiracy. Larson, 460 F.3d at 1212. The court, however, will not determine until after the witness testifies and/or the documentary evidence containing the particular co-conspirator statement is introduced whether or not the government has shown by a preponderance of the evidence that the statement was made "in furtherance" of the conspiracy. See id. The co-conspirator statement will not be unconditionally admitted into evidence until the court has determined that all three Larson prongs have been satisfied as to that statement.

No later than **January 3, 2022**, the government shall submit charts containing (1) an identification of each statement to be admitted as a co-conspirator statement, (2) a summary of the evidence showing that the conspiracy existed when the statement was made; and (3) a summary of the evidence showing that the defendant had knowledge of, and participated in, the conspiracy.

No later than **January 10, 2022**, defendants shall file any objections to the admissibility of the statements identified in the government's charts.

D.     United States' motion in limine no. 4

The government's fourth motion in limine seeks to preclude defendants from

introducing an "others did it too" defense. Defendants stated that they do not oppose this motion, and as stated at the pretrial conference, this motion is GRANTED.

### E. United States' motion in limine no. 5

The government's fifth motion in limine seeks to preclude defendants from referencing punishment in front of the jury. Defendants stated that they do not oppose this motion, and as stated at the pretrial conference, the motion is GRANTED.

### F. Defendants' motion in limine no. 1

Defendants' first motion in limine seeks to preclude the government's expert witness Karriem Ali from offering a legal opinion. The government has stated that it intends to have Mr. Ali testify only as to the calculations he conducted, not to any legal conclusions. As stated at the pretrial conference, this motion is GRANTED.

### G. Defendants' motion in limine no. 2

Defendants' second motion in limine seeks to preclude the government's expert witness Jocelyn Keh from offering certain testimony regarding the laws and rules governing Supplemental Nutritional Assistance Program ("SNAP") transactions.

The government has clarified that it intends to have Ms. Keh provide background information about the rules and regulations governing SNAP transactions, not to provide the statement of the law to be followed by the jury.

This motion is GRANTED in part and DENIED in part. As stated at the pretrial conference, Ms. Keh may provide background information regarding SNAP, and the defense may prepare a limiting instruction making clear that only the court may instruct the jury as to the applicable law.

Additionally, defendants' motion to seal portions of this motion and related exhibits is GRANTED.

### H. Defendants' motion in limine no. 3

Defendants' third motion in limine requests that the court not read the indictment to the jury or send it into the jury room during deliberations.

The government has stated that it does not oppose this motion.

As stated at the pretrial conference, this motion is GRANTED, and the parties are directed to prepare a brief summary of the case for use by the court during voir dire.

I.  Defendants' motion in limine no. 4

Defendants' fourth motion in limine seeks to exclude SNAP transaction data from prior to the start of the alleged conspiracy in 2014.

At the pretrial conference, the government clarified that it does not intend to introduce evidence of SNAP transaction volume (i.e., the comparison charts) prior to 2014, and instead intends to introduce evidence only as to ownership of the store prior to 2014.

Accordingly, as stated at the pretrial conference, this motion is GRANTED in part and DENIED in part.

J.  Defendants' motion in limine no. 5

Defendants' fifth motion in limine seeks to designate government witnesses as under defense subpoena. The government stated that it will not release any witness from subpoena without first informing defendants and giving them sufficient time to subpoena that witness themselves.

Accordingly, as stated at the pretrial conference, this motion is DENIED as moot.

II. <u>VOIR DIRE</u>

As discussed at the pretrial conference, the parties are directed to submit a list of no more than ten case-specific questions to supplement the court-wide standard jury questionnaire, no later than **December 22, 2021**.

Following the court's questioning, each defendant will be allotted up to 15 minutes to question the jury panel, and the government will also be allotted up to 15 minutes.

III. <u>JURY INSTRUCTIONS</u>

At the pretrial conference, the court indicated it will accept the parties' jointly submitted jury instructions. The court also directed the parties to meet and confer regarding the jury instruction on the unauthorized use of food stamps and the instruction setting forth the parties' claims and defenses/statement of the case. The court reserved

judgment on the remaining disputed instructions, which will be settled at the final charge conference.

IV. TRIAL SCHEDULE

The duration of the trial shall be a maximum of 8 days commencing on Tuesday, **January 18, 2022**.  The trial schedule will be Tuesday through Friday, from 8:30 a.m. to 1:30 p.m., with two 15-minute breaks each day, except for the first and last day of trial which be extended.  Jury selection will occur on the first day, as will opening statements and the start of the presentation of evidence if possible.

**IT IS SO ORDERED.**

Dated:  December 17, 2021

           /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge