UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ALI MUGALLI HASSAN,<br><br>　　　　　　Defendant. | Case No. 18-cr-00219-PJH-1<br><br>**ORDER RE REQUEST FOR COURT ORDER FOR CRIMINAL RECORD**<br><br>Re: Dkt. No. 284 |

　　　　In connection with his pro se motion for sentence reduction under 18 U.S.C. § 3582(c)(2), defendant Ali Mugalli Hassan has filed a request for a court order directing the Alameda County Sheriff's Office to provide a copy of his criminal record. See Dkt. 284.

　　　　Defendant's request explains that he is seeking to obtain a "copy of the mugshot and fingerprints of the person that was arrested for the crime I am being accused of in 2011," which appears to refer to a 2011 vandalism conviction which was considered as part of defendant's criminal history during this court's sentencing. See Dkt. 284 at 1; Dkt. 226 at 10. The request further explains that defendant's family members attempted to obtain the records from the Sheriff's Office, but were told that the office "cannot provide them with any information or show them anything because the information being requested is not public record and they would either need [defendant] physically there or a court order to release documents." See Dkt. 284 at 1. Defendant now requests "a court order to release and provide me documents to prove I was not arrested or on probation for [the] accused crime and to clear this matter from my record." Id.

　　　　As an initial matter, the court notes that defendant's pre-sentence report referenced a 2011 vandalism conviction that was later dismissed pursuant to California

Penal Code 1203.4, which permits misdemeanor convictions to be set aside after completion of probation. See Dkt. 226 at 10-11. Whether the dismissal pursuant to state law renders the arrest and conviction inadmissible in or irrelevant to a federal sentencing is a separate legal question.

During sentencing, defendant had the opportunity to object to the inclusion of the 2011 vandalism charge in the pre-sentence report, and did not object. In fact, during the sentencing hearing, the vandalism conviction was expressly discussed. See Dkt. 266 at 10.

That said, the pre-sentence report from the Probation Office also stated at the time that "records have been requested from the Alameda County Superior Court and have not been received." Dkt. 226 at 11.

Even though defendant's failure to object, during sentencing, to the inclusion of the vandalism charge in his pre-sentence report and criminal history strongly suggests that it was not improperly included, the court will, out of an abundance of caution, allow for the corroboration of the state conviction in the interest of completing the record. However, the court knows of no authority allowing it to order the production of state court records in a case such as this, and thus defendant's request must be DENIED to the extent that he seeks the fingerprints and mug shots of the person arrested. Instead, the court directs the government and/or the Probation Office to file a response corroborating the charges and disposition of the 2011 vandalism conviction that was referenced in defendant's pre-sentence report.

The government and/or the Probation Office shall have thirty (30) days from the date of this order to file a response in accordance with this order, and defendant shall have fourteen (14) days thereafter to file a reply.

**IT IS SO ORDERED.**

Dated: February 27, 2024

    /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge