UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>ALI MUGALLI HASSAN,<br>　　　　Defendant. | Case No. 18-cr-00219-PJH-1<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION**<br>Re: Dkt. No. 275, 289 |

　　　　Defendant Ali Mugalli Hassan has filed a pro se motion for sentence reduction under 18 U.S.C. § 3582(c)(2). See Dkt. 275. The motion seeks an adjustment for zero-point offenders under U.S.S.G. § 4C1.1. Defendant also filed a request for a court order directing the Alameda County Sheriff's Office to provide a copy of his criminal record, based on defendant's argument that his criminal history calculation was based on an improperly-included state conviction for vandalism in 2011 . See Dkt. 284.

　　　　This court issued an order noting, among other things, that it knows of no authority allowing it to order the production of state court records in a case such as this. However, out of an abundance of caution, the court directed the government and/or the Probation Office to file a response providing corroboration of the charges and disposition of the 2011 vandalism conviction that was referenced in defendant's pre-sentence report. See Dkt. 285. The Probation Office has now filed a response addressing defendant's criminal record, and defendant has filed a reply. See Dkt. 287, 290.

　　　　As stated above, defendant argues that his criminal history calculation improperly included a 2011 state conviction for vandalism. As an initial matter, as the court previously noted, defendant had the opportunity during sentencing to object to the inclusion of the 2011 vandalism charge in the pre-sentence report, and did not object,

even as the vandalism conviction was expressly discussed in court.  See Dkt. 266 at 10.

The Probation Office's response cites defendant's pre-sentence report, which references the 2011 vandalism conviction and states that it was later dismissed pursuant to California Penal Code § 1203.4, which permits misdemeanor convictions to be set aside after completion of probation.  See Dkt. 226 at 10-11.  The Probation Office points out that the pre-sentence report notes that, pursuant to U.S.S.G. § 4A1.2, n. 10, the conviction is assessed criminal history points "because it was not set aside or pardoned for reasons related to innocence or errors of the law but set aside pursuant to the penal code allowing defendants to petition for the conviction to be set aside after completing a term of probation."  See Dkt. 287 at 2.  The Probation Office also attaches documents obtained from the Alameda County Superior Court, corroborating defendant's 2011 vandalism conviction, to which he pled no contest.  See id.

The Probation Office acknowledges that defendant, while not eligible for a sentence reduction for zero-point offenders under Part B to Amendment 821, appears to be eligible under Part A to Amendment 821, which "limit[s] the overall criminal history impact of 'status points' (i.e., the additional criminal history points given to defendants for the fact of having committed the instant  offense while under a criminal justice sentence)."  See Dkt. 281 at 3.

The Probation Office recalculated defendant's guideline range, which was 41-51 months under the previous calculation, and is 37-46 months under the new calculation.  See Dkt. 281 at 3-4.  The Probation Office noted that the court sentenced defendant to a below-guidelines range of 37 months, which was a downward variance of four months below the guideline range as initially calculated.  See id. at 4.  Based on that, the Probation Office recommends no reduction in sentence "in light of the directive in USSG §1B1.10(b)(2)(A) which states that, except in the case of Substantial Assistance, the Court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range."  See id.

The government similarly argues that no reduction is warranted based on the fact

that defendant's current sentence is already at the low end of the newly-calculated Guideline range. See Dkt. 278 at 3.

The court concludes that defendant's 2011 state conviction for vandalism was indeed properly included as part of his criminal history, and thus, defendant is not eligible for a sentence reduction under Part B of Amendment 821, which is the relief sought by his motion. The court further concludes that, even if defendant had sought relief under Part A of Amendment 821, a sentence reduction would still not be warranted because defendant's current sentence is already at the low end of any recalculated guideline range. Accordingly, defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(2) is DENIED.

**IT IS SO ORDERED.**

Dated: June 25, 2024

/s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge