UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALI MUGALLI HASSAN,<br>Defendant. | Case No. 18-cr-00219-PJH-1<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL, SETTING BRIEFING ON § 2255 PETITION**<br><br>Re: Dkt. No. 298, 301 |

Defendant Ali Mugalli Hassan has filed a request for appointment of counsel to file a motion under 28 U.S.C. § 2255. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a prisoner seeking habeas relief under § 2255 whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." Generally, the decision to appoint counsel is within the district court's discretion. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). The purpose of section 3006A is to provide appointed counsel whenever the failure to do so would amount to a denial of due process. Id. Accordingly, in determining whether to appoint counsel, the district court should weigh the ability of a pro se petitioner to present forcefully and coherently his contentions based on a good understanding of the issues. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987). Where an evidentiary hearing must be held, however, appointment of counsel is mandatory. See Chaney, 801 F.2d at 1196; see also Rule 8(c) of the Rules on Motion Attacking Sentence Under Section 2255.

In view of the court's familiarity with defendant's case, having reviewed evidence brought in this case, having presided over the trial, and having considered a number of

post-trial requests filed by defendant pro se, the court does not find that defendant is unable to articulate his claims pro se in light of the complexity of the legal issues involved.  See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Therefore, the court determines that the interests of justice do not require appointment of counsel at this time, and defendant's motion to appoint counsel (Dkt. 298) is DENIED.

Defendant has also filed a pro se petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  See Dkt. 301.

Under 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside, or correct a sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

The court conducts a preliminary review of this motion to determine whether it presents a cognizable claim for relief and requires a response by the government.  A district court must summarily dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Defendant is currently serving a 37-month sentence that was imposed after a jury trial in which he was found guilty of conspiracy to commit benefits fraud and to defraud the United States, benefits fraud of $5,000 or more, conspiracy to commit wire fraud, and wire fraud.  See Dkt. 230.

Defendant's current motion raises six grounds for relief.

First, defendant argues that he received ineffective assistance of counsel.  See Dkt. 301 at 1-2.

Second, defendant argues that he was denied the right to an impartial jury under the Sixth Amendment.  See Dkt. 301 at 2.

Third, defendant argues that the prosecution violated Brady v. Maryland by

intentionally withholding or altering evidence that was material to the defense. See Dkt. 301 at 2.

Fourth, defendant argues that the prosecution "relied on speculative and circumstantial evidence to secure a conviction." See Dkt. 301 at 2.

Fifth, defendant argues that the prosecution engaged in misconduct. See Dkt. 301 at 2.

Sixth, defendant argues that the cumulative effect of the above-alleged violations, combined with judicial errors, deprived him of a fair trial as guaranteed under the Sixth Amendment. See Dkt. 301 at 2.

Based on the court's preliminary review, defendant's motion warrants a response from the government. Accordingly, the court orders the government to show cause why the requested relief should not be granted. The government shall file with the court and serve on defendant, within 49 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the court should not "vacate, set aside, or correct the sentence" on defendant's claims. If defendant wishes to reply to the government's response, he shall do so by filing a reply with the court within 35 days of the date the response is filed.

**IT IS SO ORDERED.**

Dated: January 3, 2025

      /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge