UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALI MUGALLI HASSAN,<br>Defendant. | Case No. 18-cr-00219-PJH-1<br><br>**ORDER GRANTING REVISED MOTION FOR LIMITED WAIVER OF PRIVILEGE**<br><br>Re: Dkt. No. 305 |

Defendant in the above-captioned case has filed a motion under 28 U.S.C. § 2255, asserting, among other claims, ineffective assistance of counsel. Specifically, defendant claims that his counsel failed to investigate or present exculpatory evidence, failed to object to prosecutorial misconduct, and failed to raise challenges to the jury's impartiality. See Dkt. 301.

By asserting a claim of ineffective assistance of counsel, defendant effectively waives his attorney-client privilege as to his communications with his attorneys that are relevant to his ineffective assistance claim pursuant to Bittaker v. Woodford, 331 F.3d 715, 722 (9th Cir. 2003). Accordingly, the court finds good cause for the government to conduct discovery of privileged attorney-client communications subject to his narrow waiver of the attorney-client privilege, only as necessary to respond to the § 2255 motion as limited to the matters raised by defendant's ineffective assistance of counsel claim, pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings.

Consistent with Bittaker, 331 F.3d at 727-28, the government's use of any confidential attorney-client communications disclosed in these proceedings is restricted from (1) using the privileged materials for any purpose other than litigating defendant's § 2255 motion, and (2) disclosing the privileged materials to any other persons, excluding

other representatives of the United States Attorney's Office and law enforcement agencies assisting in the government's response to the § 2255 motion. Accordingly, the court ORDERS:

    (a) defendant has waived the attorney-client privilege in limited part, as to the allegations relating to counsel in the motion as detailed herein;

    (b) that the United States is entitled to inquire of and obtain declarations from defense counsel as to the representation of defendant in the captioned case, on the following subject areas; and that defense counsel are ordered to provide the United States with any correspondence, e-mails, notes, or other materials in their possession that relate to any of the following subject areas:

        (1) whether defense counsel adequately investigated allegedly exculpatory evidence;

        (2) whether defense counsel adequately investigated alleged prosecutorial misconduct; and

        (3) whether defense counsel adequately raised challenges to the impartiality of the jury;

    (c) that the United States is precluded from using the privileged information and material for any purpose other than litigating the motion; and

    (d) that the United States may not disclose these materials to any other persons, excluding other representatives of the United States Attorney's Office or law enforcement agents who are assisting with the motion.

The Ninth Circuit Court of Appeals has held that when a defendant alleges ineffective assistance of counsel and calls his attorney's advice and counsel into question, that defendant has necessarily waived the attorney-client privilege and a "court must impose a waiver [of the privilege] no broader than needed to ensure the fairness of the proceedings before it . . . [but] the holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition." Bittaker, 331 F.3d at 720–21. Accordingly, the court

FURTHER ORDERS that defendant may mail a notice that defendant wishes to preserve the attorney-client privilege by abandoning defendant's ineffective assistance of counsel claims and withdrawing the motion. That notice must be filed by **February 21, 2025**. If no such notice is sent, defendant's attorney-client privilege will be deemed waived as to the matters raised in the motion.

If defendant decides not to abandon defendant's claims, the government may file its opposition to defendant's motion by **March 27, 2025**. That opposition may include declarations by defendant's former counsel. Defendant may file a reply to the government's opposition by **April 24, 2025**.

**IT IS SO ORDERED.**

Dated: January 29, 2025

                                           /s/ *Phyllis J. Hamilton*
                                           PHYLLIS J. HAMILTON
                                           United States District Judge